APONTE ET AL., PLAINTIFFS AND APPELLEES, *v.* APONTE ET AL., DEFENDANTS, (FREIRÍA & CO., APPELLANTS).

APPEAL from the District Court of Humacao in an Action of Ejectment, etc.

No. 1968.—Decided July 31, 1919.

INHERITANCE—HEIRS—PARTITION.—Possession of the property as owner by the predecessor in interest of the plaintiffs, coupled with a declaration of heirship and an allotment of undivided interests by a deed of partition, is suf-

ficient evidence of title as against the defendant claiming as purchaser at an execution sale, in the absence of any showing that the execution debtor had any right, title, or interest in the property. *Capó* v. *Fernández, ante,* p. 656.

The facts are stated in the opinion.

*Mr. Francisco González* for the appellants.

*Mr. Manuel Tous Soto* for the appellees.

Mr. Justice Hutchison delivered the opinion of the court.

Plaintiffs, as heirs of Juan Félix, recovered 35 *cuerdas* of land, alleged in the complaint to be owned by them in common with Román Félix Aponte, a brother, who, although made a defendant, seems never to have appeared in the action.

Freiría & Company, the record owners of the property in question, claiming under execution sale in a suit against Félix Hermanos & Company, consisting of Román Félix Aponte and silent partners unknown to the other parties herein, followed by a decree of dominion ownership, appeal and allege as error:

First, that the court erred in rendering judgment for plaintiffs;

Second, that the court erred in failing to sustain a plea of *res judicata.*

The point most emphasized under the first assignment, although without citation of authority, is that possession as owner by the author of plaintiffs, a fact expressly admitted at the trial, is not enough to sustain a revendicatory action as against defendant, holding under a recorded decree of dominion ownership. But appellants also insist that the seven plaintiffs herein cannot recover as owners of the whole tract, because ten heirs were represented in the decree of heirship, and the partition was made "by ninths among the heirs of the said deceased, who are plaintiffs herein, and their brother, Román Félix Aponte."

As to the second assignment, it is simply suggested that an examination of the evidence will suffice to disclose the identity of parties, subject-matter and cause of action. Ap-

parently the trial judge took a different view of the matter, and it is not the province of this court to follow up a vague reference of this kind in quest of data on which to base a reversal.

"That things which a person possesses are owned by him" is a legal presumption. Law of Evidence, sec. 102, subd. 11. Here appellants admitted at the trial that Juan Félix Díaz, "during his lifetime, was the possessor as owner of the property" sought to be recovered. It was also stipulated and agreed in the court below that the parties admitted that on the date when the suit for the collection of a debt was brought by Freiría & Company, Limited, against R. Félix Hermanos & Company, a mercantile firm was doing business in the city of Caguas which was the firm that contracted with the plaintiff the obligation sought to be recovered in this suit; that neither the plaintiffs nor the defendant in this suit know who are the members constituting the said firm, and that the managing partner thereof was Román Félix Aponte, a half-brother of plaintiffs.

Possession as owner by the predecessor in interest of plaintiffs, coupled with a declaration of heirship and an allotment of undivided interests by deed of partition, is sufficient evidence of title as against defendant claiming as purchaser at an execution sale, in the total absence of any showing even, or pretense, that the execution debtor had any right, title or interest in the property. And for the purposes of this opinion, in so far as this phase of the case is concerned, we may put out of view the undivided interest of defendant Román Félix Aponte.

Clearly, as against Freiría & Company, plaintiffs are entitled to recover whatever undivided interest was allotted to them in the instrument of partition. This, of course, in the absence of any showing to the contrary beyond what appears in the record on appeal. Neither the decree of heirship nor the deed of partition is before us, and the meager reference thereto in the statement of the case is not very

enlightening. The date of the decree of heirship does not appear. Juan Félix Díaz seems to have died in January, 1907. The partition was made some two years later. Juan and Juana, two of the heirs mentioned in the decree, but not named either in the instrument of partition or in the complaint, unless they should prove to be the twin offspring of a clerical error, may or may not have died before the date of partition. The record is silent. And even if these two be eliminated, the problem remains as to what was received by plaintiffs, seven in number, out of the apportionment "by ninths" among only eight heirs.

Appellees are disposed to concede that perhaps they are not entitled to recover an undivided one-ninth interest belonging to defendant Román Félix Aponte, but insist that they are entitled to the remaining eight-ninths. But the process of mental arithmetic by which this result is obtained has not been reduced to writing in the brief, and the soundness of the conclusion so reached is not self-evident.

Perhaps the trial judge, with the complete documents before him, or with the aid of further evidence if obtainable, may be able to reach a more satisfactory conclusion than can be drawn from the data now before this court. In any event, we prefer that this question of fact be determined, in the first instance, by the court below, in the light of the doctrine announced by this court in the recent case of *Capó* v. *Fernández, ante,* p. 656.

For the reasons stated the judgment appealed from is reversed and the case remanded for further proceedings not inconsistent herewith.

*Reversed and remanded.*

Justices Wolf, del Toro and Aldrey concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.